RUDOLPH v. GOLDEN & COMPANY.

ELECTRIC WIRES; PUBLIC STREET; INJUNCTION.

One who, without procuring the requisite permission from the public authorities, suspends wires over a public street, for the purpose of transmitting electric current from his plant to be used in lighting stalls on the sidewalk, is not entitled to invoke equitable aid to restrain the authorities from interfering with the wires.

No. 2408.   Submitted October 14, 1912.   Decided November 4, 1912.

HEARING on appeal by the defendants from a judgment of the Supreme Court for the District of Columbia granting an injunction to restrain interference by the defendants with the maintenance of electric lamps in front of certain premises which complainant had contracted to supply with light.   *Reversed.*

The facts are stated in the opinion.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. F. H. Stephens* for the appellants.

*Mr. Walter A. Johnston* for the appellee.

Mr. Justice Van Orsdel delivered the opinion of the Court:

Appellee, Golden & Company, a corporation, filed a bill in equity in the supreme court of the District of Columbia to restrain the commissioners and electrical engineer of the District "from interfering in any manner with the electric lamps in front of premises No. 220 Ninth street, Northwest, and Nos. 918 and 932 Louisiana avenue, Northwest, in the city of Washington."

The bill alleges that complainant was incorporated for the purpose, among other things, of furnishing electric light; that it occupies premises Nos. 922 to 928, inclusive, Louisiana avenue, and generates thereon electric current for light and power purposes; that its electric light plant was established prior to April 24, 1904, pursuant to the municipal regulation existing at that time; that at the point where said lights are located the streets are devoted to the business of wholesale and retail commission merchants, and the space between the sidewalk and building line, about 20 feet in width, has been for more than twenty years, with the knowledge and assent of the municipal authorities, appropriated for private business purposes; that said space has been covered with sheds and awnings extending over the building line to the inner edge of the sidewalk, and is now occupied with benches and stalls for the sale of meats and provisions in connection with the business of the occupants of the stores fronting on said street; "that your complainant has heretofore entered into contracts with N. T. Redman, doing business at No. 220 Ninth street, Northwest; the J. A. Whitfield Company, doing business at No. 918 Louisiana avenue, and with F. G. Swaine & Son, doing business at No. 932 Louisiana avenue, to furnish them and each of them electric current for lighting their stores and also for lighting lamps in front of their premises, under the aforesaid sheds and awnings and within said space; that said premises, 220 Ninth street and 918 and 932 Louisiana avenue, are located in the same square in which your complainant's premises are located, and, in furnishing electric current to the said Redman, the J. A. Whitfield Com-

pany, and F. G. Swaine & Son's premises, your complainant's electric wires do not pass through or over any public space. The said lamps are in no sense intended to light the street, but are maintained solely for the purpose of lighting the space underneath the sheds or awnings in front of said premises respectively, and for the convenience of the occupants of said stores." Complainant further avers that the electrical engineer notified it to cease furnishing electric current to the sheds in front of said premises, and that, if the engineer shall cut off said electrical current, it will greatly damage complainant.

The defendants answered, denying that "complainant has any authority or power to furnish to others electric current, light, or fixtures, or to use the public streets or spaces, or any part thereof, for the purpose of transmitting electric current, or to sell, vend, lease, let, or license others to use electric current, light, or fixtures, or to use the public space and streets, or any part thereof, of the District of Columbia for such purpose." This case was tried upon bill and answer. It is averred in the answer, and, for the purposes of this case, admitted, that the awnings and sheds in front of said premises and outside the building line are on the public space of said street; that no permit or authority has ever been obtained by complainant or the persons doing business on the premises in question to place lamps or wires in front of said premises, and that the complainant's electric wires do pass through public space, and transmit electric current from complainant's plant within its premises outside of the building line, and communicate with the lamps 20 feet or more over the building line of the respective buildings.

The bill does not seek to enjoin any act in reference to the occupation and enjoyment of complainant's premises, and the decree appealed from only applies to the right of appellee to string wires to the premises in controversy. With the concession that the wires are occupying public space, suspended over a public street of the city, without permit to either complainant or the owners of the premises, the question presented is greatly simplified. It is limited to whether or not complainant can

lawfully string electric wires over public space or other premises than its own. By the act of Congress of July 18, 1888 (25 Stat. at L. 323, chap. 676), the commissioners of the District were no longer authorized to permit any additional telegraph, telephone, electric light, or other wires to be erected or maintained on or over any of the streets or avenues of the city of Washington. By the Act of Congress of April 26, 1904, 33 Stat. at L. p. 306, chap. 1602, the commissioners were empowered to make rules and regulations respecting the production, use, and control of electricity for light, heat, and power purposes in the District of Columbia. This act conferred upon the commissioners full control of the whole subject.

Complainant is here in the position of one violating the law, and is not, therefore, in position to invoke equitable relief. It is clearly within the power of the commissioners to require the wires to be taken down. Good administration demands that authority to regulate this matter shall be lodged somewhere, and Congress has conferred ample power upon the commissioners. It is not within the power of an individual or a corporation to exercise control over a matter so vital to the public welfare, and before complainant could exercise any such right as that for which he contends, at least a permit should be procured from the proper authorities. It is unnecessary to consider whether power is vested in the commissioners to issue such a permit, since it is conceded that no permit has, in this instance, been obtained.

The decree is reversed, with costs, and the cause is remanded with instructions to dismiss the bill.                          *Reversed.*